Opinion of the Court.
THIS is a writ of error brought to reverse an order of the county court, granting leave to build a mill. One objection to the order, and indeed to the whole record is, that it does not show whether the applicants held the land on one side of the stream, the bed whereof was in themselves or the commonwealth, or that they held the lands on both sides. In either of these cases, the law allows the writ of ad quod damnum to issue, and as decided by this court in the case of Bibb vs. Montjoy, impliedly denies the right in other cases. The nearest the record comes to stating either of these facts, is expressed in the first order, which reads thus:
On the petition of John Kennedy and James Buchanan, it is ordered, that a writ of ad quod damnum issue to the sheriff of Mercer county, for the summoning a jury to view, &c. a mill seat on Salt river, on the lands of the said petitioners, just above said Kennedy’s spring.
If from the words, “ on the lands of said petitioners," the law is complied with, then the order must be sustained. The words of the statute are express in each case ; “ owning lands on one side of any water course the bed whereof belongs to himself, or the commonwealth,” and “ shall not himself have the fee, simple property in the lands on the opposite side thereof.” And again, “ if the person proposing to build such mill and dam, shall have the fee-simple property in the lands on both sides of the stream.” It has been decided by the appellate court of Virginia, as well as this court, in the case cited, that the record must exhibit the right of the petitioner, corresponding *93 with some one of these requisites of the act. In the present case, the record neither shows which of the cases suited the title of the petitioners, nor certainly, whether either of them. The words ‘ on the lands of the petitioners,” are used for the same purpose as the words “ Salt river,” and “just above said Kennedy’s spring,” to describe the place of meeting of the jury and site of the mill itself, which might be used with propriety, if they held the lands on one side and the bed was in another ; or, indeed, as matter of description to direct to the place, without the interest of the petitioners being such as the law required.
For this cause, the order and all subsequent proceedings thereon, must be reversed with costs.